# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

               Plaintiff,

v.

Kelvin Baez, a/k/a "Taliban,"

               Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 17-135(2) ADM/DTS

_____

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

R.J. Zayed, Esq., Dorsey & Whitney LLP, Minneapolis, MN, on behalf of Defendant Kelvin Baez.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kelvin Baez's ("Baez") Objections [Docket Nos. 374, 380] to Magistrate Judge David T. Schultz's August 31, 2018 Report and Recommendation [Docket No. 371] ("August 2018 R&R") and September 13, 2018 Report and Recommendation [Docket No. 373] ("September 2018 R&R").

The August 2018 R&R recommends denying Baez's Motion to Suppress Evidence [Docket No. 292]; Motion to Dismiss —Vindictive Prosecution [Docket No. 293]; Motion to Dismiss—Selective Prosecution [Docket No. 294]; Motion for Severance of Counts 1–3 from Count 4 of the Second Superseding Indictment [Docket No. 295]; Motion for Severance of Defendants [Docket No. 296]; and Motion to Dismiss the Second Superseding Indictment for

Lack of Probable Cause and Use of Immunized Testimony [Docket No. 311].[1] The August 2018 R&R also recommends denying the Government's Motion to Dismiss Defendant Baez's Pretrial Motions to Suppress Evidence [Docket No. 334]. The September 2018 R&R recommends denying Baez's Motion to Suppress Statements [Docket No. 291] and Motion to Suppress Eyewitness Identifications [Docket No. 360]. For the reasons set forth below, the Objections are overruled, the R&Rs are adopted, and all motions are denied.

## II. BACKGROUND

The factual background of this case is set forth and incorporated by reference in this Court's Orders of December 19, 2017 [Docket No. 160] ("December 2017 Order") and March 30, 2018 [Docket No. 235] ("March 2018 Order") and in the August 2018 and September 2018 R&Rs.

In the December 2017 Order, the Court denied Baez's motion to suppress evidence seized by police from the back room of a hotel suite. The Court held that Baez lacked a legitimate expectation of privacy in the back room because that room was being actively monitored by cell phone surveillance. December 2017 Order at 23–24. In the same Order, the Court denied a motion by Baez to suppress his post-arrest statements. Id. at 25. The Court found that Baez's will was not overwhelmed during an interview with law enforcement agents, and that Baez was on topic and responsive during the interview and did not appear to be under

---

[1] The August 2018 R&R also recommends denying several pretrial motions filed by codefendant Heriberto Banuelos Barron ("Barron"). On September 24, 2018, Barron entered a plea of guilty to possession with intent to distribute methamphetamine, as charged in Count 5 of the Second Superseding Indictment. As a result, Barron's pretrial motions have been terminated.

the influence of drugs.  Id.  The Court thus concluded that Baez knowingly waived his Miranda rights and his statements to the officers were voluntary.  Id.

After the motions rulings, Baez was appointed new counsel who asked for reconsideration of the Court's ruling on the motion to suppress statements.  See Mot. Reconsid. [Docket No. 189].  Baez argued that law enforcement lacked probable cause to arrest him and that his statement was the product of his unlawful arrest.  In the March 2018 Order, the Court denied the motion for reconsideration, holding that probable cause existed for Baez's warrantless arrest because it was reasonable to infer from the totality of the circumstances that Baez had committed or was committing a drug trafficking offense.  March 2018 Order at 10–14.

In April 2018, a grand jury returned a second superseding indictment against Baez, charging him with:  conspiracy to distribute and possess with intent to distribute methamphetamine (Count 1); possession of a firearm in furtherance of a drug trafficking crime (Count 2); conspiracy to possess firearms in furtherance of a drug trafficking crime (Count 3); and possession with intent to distribute methamphetamine (Count 4).  See Second Superseding Indictment [Docket No. 243].  Thereafter, Baez again filed motions to suppress the evidence from the hotel suite and his post-arrest statements.  Baez also filed motions to dismiss the Second Superseding Indictment, motions to sever defendants and counts in the Second Superseding Indictment, and a motion to suppress eyewitness identifications.

The August and September 2018 R&Rs recommend denying all of Baez's motions.  Baez objects to the recommended denial of his motions.

## III. DISCUSSION

### A. Standard of Review

A district judge may refer a defendant's motion to dismiss an indictment, motion to suppress evidence, or any dispositive matter to a magistrate judge for recommendation. Fed. R. Crim. P. 59(b)(1). The district judge must make an independent, de novo determination of those portions of the report and recommendation to which a party objects. Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. August 2018 R&R

#### 1. Motion to Suppress Evidence

Baez argues that his renewed motion to suppress evidence found in the back room of the hotel suite should be granted because the Court's previous holdings that: (1) Baez had no reasonable expectation of privacy in the back room, and (2) there was probable cause to arrest Baez based in part on items that were in the back room, are inherently inconsistent. Baez argues he was either "at home enough in the hotel room to know the whereabouts of the drugs hidden in the back room—in which case Mr. Baez would have standing to challenge the warrantless search of the back room—*or* Mr. Baez did not have control over, knowledge of, or connection to the content[s] of the back room—in which case officers lacked probable cause to arrest Mr. Baez." Obj. [Docket No. 374] at 3 (emphasis in original).

The Court's holdings are consistent. Based on the unique circumstance of having cell phone surveillance of the back room, Baez could have knowledge of items in the back room without having an expectation of privacy in that room.

Baez also argues that officers lacked probable cause to arrest him. The Court has already addressed this argument and held that probable existed for Baez's warrantless arrest. See March 2018 Order at 8–12. The Court's analysis and conclusion on this issue remain unchanged. Thus, Baez's objections related to the motion to suppress evidence are overruled.

**2. Motion to Dismiss for Lack of Probable Cause and Use of Immunized Testimony**

Baez objects to the recommended denial of his Motion to Dismiss the Second Superseding Indictment for Lack of Probable Cause and Use of Immunized Testimony. Baez argues that he was merely present at the Embassy Suites where the contraband was found, and that the only evidence linking him to the conspiracies charged in the Second Superseding Indictment is his immunized proffer statement. This argument fails for the reasons stated in pages 10–11 of the August 2018 R&R.

Baez also argues that the Second Superseding Indictment facially lacks probable cause because Count 3 charges him with conspiracy to possess firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), yet § 924(c) does not provide for a conspiracy count. Baez thus contends that any indictment under that provision is facially improper and not supported by facts presented to the grand jury. At the July 11, 2018 pretrial motion hearing, the Government stated that the citation to § 924(c) in Count 3 is a typographical error, and that the citation was intended to have been to 18 U.S.C. § 924(o), which does provide for a conspiracy count. See July 11, 2018 Hr'g Tr. [Docket No. 359] at 28; 18 U.S.C. § 924(o)

5

("A person who conspires to commit an offense under subsection (c) [of 18 U.S.C. § 924] shall be imprisoned for not more than 20 years, fined . . . , or both."). The first page of the Second Superseding Indictment does identify 18 U.S.C. § 924(o) among the statutory violations charged by the grand jury. Based on these circumstances, the Second Superseding Indictment sufficiently charges Baez with conspiracy to possess firearms in furtherance of a drug trafficking crime.

### 3. Remaining Motions to Dismiss and Motions for Severance

Baez also objects to the recommended denial of his Motion to Dismiss —Vindictive Prosecution; Motion to Dismiss—Selective Prosecution; Motion for Severance of Counts 1–3 from Count 4 of the Second Superseding Indictment; and Motion for Severance of Defendants. Rather than making specific objections to the recommendations on these motions, Baez relies on the arguments made in his motion papers and at oral argument. The Court has conducted a de novo review of these motions and adopts Judge Schultz's reasoning and conclusions.

## C. September 2018 R&R

### 1. Motion to Suppress Statement

Baez argues that the R&R erroneously concluded that he knowingly, intelligently and voluntarily waived his <u>Miranda</u> rights when he was questioned in custody by the police the day after his arrest. Baez contends he lacked the mental ability to knowingly and intelligently waive his <u>Miranda</u> rights because he was intoxicated and suffering from PTSD when his statement was taken. Baez further argues that he did not understand his <u>Miranda</u> rights and what he was giving up by talking to the police, because at the time of the interview he was not aware that he had a

case or that he was being investigated.  See Aug. 13, 2018 Hr'g [Docket No. 361] Def.'s Ex. 6, at 2.

The Court agrees with the conclusion in the R&R that Baez's waiver of his Miranda rights was knowing, intelligent and voluntary.  As Judge Schultz correctly found:

> The record indicates Baez understood his rights and what he was giving up by speaking to the police, even if he was sleep deprived or experiencing symptoms of PTSD.  After reading Baez his Miranda rights, Detective Maloney asked Baez if he understood his rights, to which he replied, "[y]eah."  Def.'s Ex. 6, at 2.  Throughout the interrogation, Baez suggested to the police that he would tell them what they want to know and that he could get information that the police couldn't.  See id. at 5, 11.  He also inquired what was "in it for [him]" if he provided the police useful information, as he was aware he was facing an imminent charge.  Id. at 12–13.  This attempted bargaining clearly reflects an individual who was aware of strategic choices he was making by talking to the police.  Cf. United States v. Turner, 157 F.3d 552, 555 (8th Cir. 1998) (considering as evidence of a knowing and intelligent waiver the fact that the defendant "acted in a manner more consistent with a person attempting to avoid being caught than a person who did not know what he was doing").
>
> Further, there is nothing to suggest Baez's waiver was involuntary.  A review of the video of the interrogation shows both officers acting with Baez in the interrogation room in a non–threatening manner and bringing him something to drink when he asked for it.  Def.'s Ex. 7.  The interrogation was not drawn out with no breaks with the intention of wearing Baez down. . . . Detective Maloney explicitly clarified what he meant by "case" when Baez mistakenly believed it meant he had already been charged.  Def.'s Ex. 6, at 2.

September 2018 R&R at 6.

Baez also argues that the September 2018 R&R erroneously concluded that Baez did not timely invoke his Fifth Amendment right to an attorney.  At the evidentiary hearing on August 13, 2018, Baez testified that when he was placed into a jail cell the evening of May 5, 2017, he asked the jail guards if he could call an attorney but was told that he could not have an attorney

7

at that time. Aug. 13, 2018 Hr'g Tr. [Docket No. 366] at 41:12–42:23; 46:20–24. The next day, two law enforcement officers interviewed Baez in a room across the hall from his jail cell. Id. at 45:3–21. Before the interview began, Baez was given his Miranda rights and stated that he understood them. Def.'s Ex. 6, at 2. When Baez was asked if he would be willing to answer questions, he replied, "Yeah." Id. He did not request an attorney at that time. See id.

The September 2018 R&R correctly concluded that Baez's request to speak with an attorney the night before he was interviewed was not an effective invocation of his Miranda rights because it was not made during or imminent to the custodial interrogation. See Rhode Island v. Innis, 446 U.S. 291, 300 (1980) ("[T]he special procedural safeguards outlined in Miranda are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation.").

Resisting this conclusion, Baez argues that his request to call an attorney the night before the interview was a timely invocation of his Miranda rights because Baez has Post Traumatic Stress Disorder ("PTSD") which causes him to zone in and out and lose track of time. Baez contends that under these unique circumstances his request for counsel was made when the interrogation was imminent. Because Baez testified that at the time of the interview he was aware that a day had passed from the time he was placed in his cell to the time he was taken out of the cell to be interviewed, this argument is rejected. See Aug. 13, 2018 Hr'g Tr. at 45:7–8 ("I knew it was the next day because they threw some food through the slot."). Thus, Baez's request for an attorney was not made when the custodial interrogation was imminent or occurring.

**2. Motion to Suppress Eyewitness Identifications**

Baez objects to the conclusion in the R&R that the procedures used in two photographic identifications of him were appropriate. In the first photographic identification, officers showed a single photograph to a confidential source who, before ever viewing the photograph, informed law enforcement that he or she knew Baez (known as "Taliban") and had interacted with him several times over the phone and in person. Aug. 13, 2018 Hr'g Tr. at 7:15–24, 8:15–22, 10:25–11:11. Baez argues that this conclusion is erroneous because it was not until July 13, 2018 that the confidential source identified his or her familiarity with Baez as the basis for identifying him in the photograph. This argument fails because it misstates the record. See id. at 10:25–11:11, 18:21–24 (stating the confidential informant discussed his or her involvement with Baez prior to viewing the photograph and prior to the July 13, 2018 meeting).

In the second photographic identification, a cooperating defendant was shown a three-ring binder of 92 photographs of individuals and was asked whether the cooperating defendant recognized any of the individuals or knew any of their names. Id. at 12:9–13:6; Gov't. Ex. 3. The cooperating defendant identified Baez's photograph as "Taliban" or "Cubano," an individual who works for Rodolfo Anguiano, Jr., a co-defendant in this case. Aug. 13, 2108 Hr'g Tr. at 13:18–14:3. Baez argues the photo book procedure was impermissibly suggestive because it was shown during a proffer session in which the cooperating defendant was under pressure to cooperate with the Government. The Court disagrees. The R&R correctly concluded that Baez failed to make a threshold showing that the photo book procedure was impermissibly suggestive.

**IV. CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Kelvin Baez's Objections [Docket Nos. 374, 380] to Magistrate Judge David T. Schultz's August 31, 2018 Report and Recommendation [Docket No. 371] and September 13, 2018 Report and Recommendation [Docket No. 373] are **OVERRULED**.

2. The August 31, 2018 Report and Recommendation [Docket No. 371] and September 13, 2018 Report and Recommendation [Docket No. 373] are **ADOPTED.**

3. Baez's Motion to Suppress Evidence [Docket No. 292] is **DENIED**;

4. Baez's Motion to Dismiss—Vindictive Prosecution [Docket No. 293] is **DENIED**;

5. Baez's Motion to Dismiss—Selective Prosecution [Docket No. 294] is **DENIED**;

6. Baez's Motion for Severance of Counts 1–3 from Count 4 of the Second Superseding Indictment [Docket No. 295] is **DENIED**;

7. Baez's Motion for Severance of Defendants [Docket No. 296] is **DENIED**;

8. Baez's Motion to Dismiss the Second Superseding Indictment for Lack of Probable Cause and Use of Immunized Testimony [Docket No. 311] is **DENIED**;

9. Baez's Motion to Suppress Statements [Docket No. 291] is **DENIED**;

10. Baez's Motion to Suppress Eyewitness Identifications [Docket No. 360] is **DENIED**; and

11. The Government's Motion to Dismiss Defendant Baez's Pretrial Motions to Suppress Evidence [Docket No. 334] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 26, 2018.