UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 17-CR-135(2) ADM-DTS

              Plaintiff,

vs.                                                                   **DEFENDANT'S MOTION TO**
                                                                      **COMPEL EXCULPATORY**
Kelvin Baez,                                                          **CONFIDENTIAL INFORMANT**
                                                                      **INFORMATION**

              Defendant.


Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), Defendant Kelvin Baez respectfully moves this Court to compel the Government to produce the cooperation agreement between the DEA and confidential informant P.G.S. and all information provided by P.G.S. pursuant to that agreement related to the conspiracies and substantive counts charged in this case including the Indictment, the Superseding Indictment, the Second Superseding Indictment, and the Third Superseding Indictment.

While the Government has provided a number of disclosures related to P.G.S., including his criminal history and the identities of his DEA handlers, the Government has refused to produce the cooperation agreement, contending that it does not fall within the scope of *Brady*. Mr. Baez has raised an innocent intent defense in this case, contending that any illegal activities undertaken were based on the reasonable belief that they were done in furtherance of P.G.S.'s role as a confidential informant to the DEA. As such, the terms of the agreements between the government and P.G.S. (whether oral or in writing)

and the information that P.G.S. provided under those agreements are material and favorable to Mr. Baez's defense and are therefore *Brady* material.

The Government has disclosed that P.G.S. was a confidential informant for the DEA, but that his cooperation agreement was revoked when he violated its terms.  The terms of that cooperation agreement are therefore favorable and relevant to Mr. Baez's defense.  The cooperation agreement will show that P.G.S. was, in fact, an informant for the DEA.  More importantly, the cooperation agreement and its violation will show that P.G.S. was able to deceive the Government into believing him, just as P.G.S. deceived Mr. Baez.  P.G.S.'s deception regarding his role as a confidential information is front and center in this case, the cooperation agreement is thus favorable and material to Mr. Baez's defense and must be produced as *Brady* material.

Moreover, the Government has refused to disclose all information provided by P.G.S. in his role as a confidential informant or cooperating defendant as to the conspiracies and substantive counts charged in this case.  Upon information and belief, the Government used information provided by P.G.S. as an informant or cooperating defendant when presenting information to the Grand Jury, however, to procure the 924(c) charge involving possession of the Modeo Rossi .38 firearm in this case.  *See* Second Superseding Indictment at Count 2 (Dkt. 243).  Whether the Government calls him at trial or not, P.G.S. upon information and belief did provide information to the government that the government presented to the Grand Jury.  As such, the Government should be compelled to disclose all information provided by P.G.S concerning the charges in this case.  Furthermore, to the extent that P.G.S. served as a confidential informant who

provided information regarding methamphetamine conspiracies in the Twin Cities that did *not* implicate Mr. Baez, such information is exculpatory and thus falls within the scope of *Brady*.

For the foregoing reasons, Mr. Baez contends that information related to P.G.S.'s role as a confidential informant or cooperating defendant falls within the scope of *Brady* and respectfully moves the Court to compel the Government to produce the following:

1.     The cooperation agreement between the DEA and P.G.S.;

2.     All information P.G.S. provided to the Government related to the conspiracies and substantive counts charged in this case; and

3.     All information that P.G.S. provided to the Government that the Government used to procure any grand jury charges against Mr. Baez or used in any manner against Mr. Baez.

This motion is based upon the files, records, and proceedings herein, any additional matters that may be presented prior to or at the time of the hearing of said motion, and any briefing requested by the Court thereafter.

Dated:  December 3, 2018                              DORSEY & WHITNEY LLP


                                                     By s/ RJ Zayed
                                                         RJ Zayed (#0309849)
                                                         zayed.rj@dorsey.com
                                                     Suite 1500, 50 South Sixth Street
                                                     Minneapolis, MN 55402-1498
                                                     Telephone:  (612) 340-2600
                                                     Facsimile:  (612) 340-2868

                                                     *Attorney for Defendant*