UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                      Crim. No. 17-CR-135(2) ADM-DTS

                        Plaintiff,

vs.                                            **DEFENDANT'S MOTION TO
                                               COMPEL TRIAL TESTIMONY OF
Kelvin Baez,                                   DEPARTMENT OF VETERANS
                                               AFFAIRS EMPLOYEES**

                        Defendant.

        Defendant Kelvin Baez hereby moves this Court to compel the trial testimony of

two witnesses who are employees of the Department of Veterans Affairs (the "VA").  On

November 29, 2018, Mr. Baez submitted a *Touhy* request to the VA for the trial

testimony of both witnesses—Dr. Lindsay Andrews-Wiebusch and Ms. Megan Welu.  As

explained in his *Touhy* request, Mr. Baez intends to call Dr. Andrews-Wiebusch and

Ms. Welu to testify in their personal capacities as treatment providers to Mr. Baez

regarding his history with substance abuse and related mental health issues.

        Late yesterday afternoon, the VA finally responded to Mr. Baez's *Touhy* request

refusing to allow Dr. Andrews-Wiebusch to testify erroneously claiming "[s]he has

nothing to offer in terms of a fact witness, other than that which already exists in the

medical record," despite her personal knowledge regarding Mr. Baez's PTSD diagnosis

and treatment.  Dr. Andrews-Wiebusch not only reviewed Mr. Baez's medical records,

but also personally administered diagnostic PTSD testing on Mr. Baez.  Her involvement

as Mr. Baez's diagnosing physician is crucial to his defense, both to authenticate the

medical records and provide additional insight into the specific PTSD testing that she personally performed on Mr. Baez.

The VA also capriciously did not even bother to speak with the Ms. Welu in the 34 days that Mr. Baez's request has been pending to ascertain whether there was any good faith basis to deny the request. Had it done so, the VA would have learned that Ms. Welu is a VA clinical social worker who assessed Mr. Baez for chemical dependency, oversaw his treatment, and would testify from her personal knowledge regarding Mr. Baez's substance abuse disorder and treatment.

Because the VA has no good faith or rational basis to deny the *Touhy* request, Mr. Baez requests that the Court compel the testimony of Mr. Andrews-Wiebusch and Ms. Welu.

## **BACKGROUND**

On November 29, 2018, counsel for Mr. Baez submitted a *Touhy* request letter to the VA.  Ex. A.  In the request, counsel for Mr. Baez explained, "[a]s part of his defense, Mr. Baez intends to show that he has long struggled with substance abuse stemming from his post-traumatic stress disorder ("PTSD")."  *Id.* at 1.  The request further explained that "[t]he testimony of Dr. Lindsay Andrews-Wiebusch and Ms. Megan Welu is crucial to establishing this defense," and summarized the anticipated topics of testimony as:

- Dr. Andrews-Wiebusch is a psychologist and counselor at the Minneapolis VA who provided Mr. Baez with cognitive processing therapy related to his PTSD from 2017-2018. Dr. Andrews-Wiebusch will testify that Mr. Baez has been diagnosed with PTSD stemming from military combat experience, and that his history of substance abuse played a role in that diagnosis.

- Ms. Welu is a clinical social worker at the Minneapolis VA who provided Mr. Baez with individual and group treatment for his substance abuse disorder from 2017-2018. Ms. Welu will testify that Mr. Baez has been diagnosed with substance abuse disorder stemming from his use of methamphetamine, cocaine, and opioids, and that staff has connected the disorder to his PTSD.

*Id.* The request then addressed the factors applicable to the processing of a VA *Touhy* request, which overwhelming favor granting Mr. Baez's request, as outlined in the request letter and summarized *infra*. *Id.* at 2-4.

Counsel for Mr. Baez was clear that a timely response to Mr. Baez's *Touhy* request was required, due to the then-schedule trial date of December 10, 2018. Ex. B. On December 5, 2018, counsel for Mr. Baez informed the VA that trial had been continued to January 7, 2019. *Id.* On December 6, 2018, the VA employee responsible for processing Mr. Baez's *Touhy* request indicated that he would "be responding shortly." *Id.* Despite this representation, the VA did not respond until late yesterday afternoon after Counsel for Mr. Baez followed up on the *Touhy* request on December 27, 2018, and January 2, 2019. *Id.*

Mr. Baez filed an *Ex Parte* Application for Issuance of Subpoena on Behalf of Defendant, requesting a trial subpoena for Dr. Andrews-Wiebusch and Ms. Welu, on January 2, 2019. Dkt. 463. The Court granted Mr. Baez's application, ordering that subpoenas be issued for Dr. Andrews-Wiebusch and Ms. Welu. Dkt. 465. Copies of both subpoenas have been sent to the VA, which will advise whether it will accept electronic service or whether personal service is necessary.

On the evening of January 2, 2019, an employee for the VA from the Office of

General Counsel indicated that he would recommend denying the requested testimony of

Dr. Andrews-Wiebusch.  Ex. C.  The employee said he had not been able to speak with

Ms. Welu, and did not indicate whether he would recommend denying or granting

Mr. Baez's request for Ms. Welu's testimony at trial.  *Id.*

## ARGUMENT

### I.    STANDARD OF REVIEW

"A federal government agency may create procedures for responding to subpoenas

and requests for testimony pursuant to 5 U.S.C. § 301, the federal 'housekeeping'

statute."  *SEC v. Selden (In re Subpoenas)*, 445 F. Supp. 2d 11, 13 (D.D.C. 2006).  Such

requests—commonly called "*Touhy* requests," after *United States ex rel. Touhy v. Ragen*,

340 U.S. 462 (1951)—are made when a litigant seeks to compel documents or testimony

from the VA, typically in private litigation.  *See* 38 C.F.R. § 14.801 *et al*.

The VA *Touhy* request regulations do not apply, however, to "[l]egal proceedings

in which the Department of Veterans Affairs, the Secretary of Veterans Affairs *or the

United States* is a party."  38 C.F.R. § 14.801(b)(2)(i) (emphasis added).  While the

Eighth Circuit has not analyzed this provision (or any similar provision), other courts

have consistently interpreted the plain language to mean that "[t]he Supreme Court's

holding in *Touhy* is applicable only in cases where the United States is not a party to the

original proceeding."  *Alexander v. FBI*, 186 F.R.D. 66, 70 (D.D.C. 1998); *see also FTC

v. Timeshare Mega Media & Mktg. Grp.*, No. 10-62000-CIV, 2011 U.S. Dist. LEXIS

140666, at *9 (S.D. Fla. Dec. 7, 2011) ("'[w]ith near unanimity,' courts have concluded

that *Touhy* regulations do not apply when the United States is a party to the litigation."); *NetJets Large Aircraft, Inc. v. United States*, No. 2:11-cv-1023, 2014 U.S. Dist. LEXIS 58677, at *29 (S.D. Ohio Apr. 28, 2014) ("*Touhy* does not apply to litigation in which the United States is a party"); *Pettersson v. United States*, No. 3-01-CV-2046-M, 2003 U.S. Dist. LEXIS 3943, at *2 n.1 (N.D. Tex. Mar. 14, 2003) ("this regulation applies only to private litigation in which the federal government or any of its agencies is not a party"); *NetJets Large Aircraft, Inc. v. United States*, No. 2:11-CV-1023, 2014 U.S. Dist. LEXIS 94712, at *17-18, 114 A.F.T.R.2d (RIA) 5173 (S.D. Ohio July 11, 2014)*; Chandler v. United States*, No. 2:13-CV-2553, 2016 U.S. Dist. LEXIS 111074, at *4-9 (W.D. La. Aug. 19, 2016).  This is particularly true where denial of the request would deny a criminal defendant his constitutional rights not incriminate himself, to confront his accusers, and to compel witnesses to testify on his behalf.

The United States is a party and filed this criminal action.  As such, *Touhy* does not apply.  Mr. Baez has a Sixth Amendment right "to have compulsory process for obtaining witnesses in his favor."  The United States cannot simultaneously accuse Mr. Baez of infamous crimes and deprive him of the ability to call employees of the United States who would be favorable to his defense.  The two government witnesses at issue here support Mr. Baez's defenses of good faith and diminished capacity defenses. If established, those defenses negate the specific intent element of the charged crimes. *See, e.g.*, *United States v. Morris*, 20 F.3d 1111, 1115 (11th Cir. 1994) ("Such specific intent may be negated by a good-faith misunderstanding of the law or a good-faith belief that one is not violating the law, regardless of whether or not the belief is reasonable.");

*Mallett v. United States*, 334 F.3d 491, 495 (6th Cir. 2003) ("Evidence of diminished capacity is available to negate the mens rea of a specific intent crime such as possession with the intent to distribute."); *Bettor Racing, Inc. v. Nat'l Indian Gaming Comm'n*, 47 F. Supp. 3d 912, 921 (D.S.D. 2014) ("a defendant's good faith may negate the specific intent requisite to commit certain crimes") (citations omitted).  To deny him compulsory process under these circumstances would be a denial of Mr. Baez's Fifth Amendment right to due process of law.

Even if *Touhy* applied, Mr. Baez has satisfied its requirements.  Where a requesting party is dissatisfied with the government's response to his *Touhy* request, he may move to compel the requested information.  *See, e.g.*, *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 780 (9th Cir. 1994) ("[D]istrict courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action."); *In re Subpoenas*, 445 F. Supp. at 14 ("[T]he FDA must respond to Selden's subpoenas pursuant to its *Touhy* regulations. Accordingly, the court grants Selden's motion to compel and denies the FDA's motion to quash the subpoenas."); *Elnashar v. Speedway SuperAmerica, LLC*, No. 02-4133 (JNE/JSM), 2004 U.S. Dist. LEXIS 32909, at *17 (D. Minn. Sep. 7, 2004) ("[T]his Court finds that review of an agency's decision to prohibit its employees to testify or produce agency documents may be pursued by a motion to compel in this Court."); *Upsher-Smith Labs., Inc. v. Fifth Third Bank*, No. 16-cv-556 (JRT/HB), 2017 U.S. Dist. LEXIS 217452, at *14-15 (D. Minn. Oct. 18, 2017) ("[A]s a basic proposition, federal agencies can be compelled to produce information in

response to a subpoena"); *SEC v. Chakrapani*, 2010 U.S. Dist. LEXIS 65337, at *27-30 (S.D.N.Y. June 28, 2010) ("The Court, therefore, finds that the government's denial of Contorinis's *Touhy* request as to the FBI 302s was arbitrary and capricious. Accordingly, Contorinis's motion to compel discovery, with respect to the FBI 302s, is granted."); *United States v. Fuentes-Correa*, No. 13-71(CCC/SCC), 2013 U.S. Dist. LEXIS 21172, at *23 (D.P.R. Feb. 13, 2013) ("district court's [sic] treat requests for production under *Touhy* as they would any other request for evidence.").

Circuits are split as to the standard of judicial review for *Touhy* requests, and the Eighth Circuit has not yet addressed the standard. The Ninth Circuit and D.C. Circuit have held that agency decisions to withhold information should be reviewed "under the Federal Rules of Civil Procedure, including their privilege and undue burden standards." *Upsher-Smith Labs., Inc.*, 2017 U.S. Dist. LEXIS 217452, at *17 (D. Minn. Oct. 18, 2017) (citing *Watts v. SEC*, 482 F.3d 501 (D.C. Cir. 2007); *Exxon Shipping Co.*, 34 F.3d at 780). Other circuits have held that "courts should review agency decisions to withhold information under the [Administrative Procedure Act's] arbitrary and capricious standard, which is a more deferential standard that upholds an agency decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Upsher-Smith Labs., Inc.*, 2017 U.S. Dist. LEXIS 217452, at *18 (citations omitted). In prior unpublished decisions, this District has applied the arbitrary and capricious standard. *See, e.g.*, *id.* at *21-23; *Elnashar*, 2004 U.S. Dist. LEXIS 32909, at *20.

Assuming that *Touhy* applies, Mr. Baez contends that the standard applying the Federal Rules of Evidence and Rules of Criminal Procedure to the requested information

or testimony is the better approach.  But it is unnecessary for the Court to determine which *Touhy* standard applies here, as both strongly favor compelling the requested testimony.

## II.  THE *TOUHY* FACTORS FAVOR APPROVAL OF THE TESTIMONY REQUESTED BY MR. BAEZ

As noted *supra*, the VA's *Touhy* regulations do not apply to this case, where the United States is a party.  *See* 38 C.F.R. § 14.801(b)(2)(i).  Even if *Touhy* did apply, however, the regulatory factors that apply to *Touhy* requests made to the VA overwhelmingly favor approving Mr. Baez's request for the trial testimony of Dr. Andrews-Wiebusch and Ms. Welu, and denial would thus violate the Rules of Criminal Procedure and be arbitrary and capricious.  *See* 38 C.F.R. § 14.804.  Mr. Baez has complied with the procedure set forth in 38 C.F.R. §§ 14.805, 14.807 by submitting a written request to the VA that contained:

> a written statement by the party seeking the testimony or records or by the party's attorney, a summary of the nature and relevance of the testimony or records sought in the legal proceedings containing sufficient information for the responsible VA official to determine whether VA personnel should be allowed to testify or records should be produced.

The VA has had over a month to respond or object to the requested testimony, but failed to do so until the eve of trial.  Because the regulatory factors overwhelmingly favor permitting the testimony requested by Mr. Baez, it would be arbitrary and capricious for the VA to deny Mr. Baez's request, and the Court should grant Mr. Baez's motion to compel.

As explained in the *Touhy* request letter, each regulatory factor weighs in

Mr. Baez's favor:

1. **The need to avoid spending the time and money of the United States for private purposes and to conserve the time of VA personnel for conducting their official duties concerning servicing the Nation's veteran population (38 C.F.R. 14.804(a)):** The time and money involved in Dr. Andrews-Wiebusch and Ms. Welu providing the requested testimony would be minimal. Both providers are based in Minneapolis, where the trial is taking place. The testimony of each witness is expected to last no more than one hour, and preparation time would be minimal.

2. **How the testimony or production of records would assist VA in performing its statutory duties (38 C.F.R. 14.804(b)):** The VA is tasked with the duty to provide health care services and benefits to former military personnel, including Mr. Baez. Moreover, a "core value" of the VA includes providing "advocacy" for veterans: "VA employees will be truly veteran-centric by identifying, fully considering, and appropriately advancing the interests of veterans and other beneficiaries." 38 C.F.R. § 0.601. The requested testimony of Dr. Andrews-Wiebusch and Ms. Welu would provide just that—advocacy for a veteran who sought and received treatment for his service-connected health care needs.

3. **Whether the disclosure of the records or presentation of testimony is necessary to prevent the perpetration of fraud or other injustice in the matter in question (38 C.F.R. 14.804(c)):** The requested testimony of Dr. Andrews-Wiebusch and Ms. Welu is necessary to prevent injustice to Mr. Baez in a pending criminal case related to drug use. Without such testimony by his VA treatment providers, Mr. Baez would be left with no way to introduce evidence of his diagnoses and treatment, short of Mr. Baez taking the stand himself. Denial of a request for testimony under these circumstances would thus be manifestly unjust and deny Mr. Baez of his constitutional rights to not incriminate himself, to confront his accusers, and to compel witnesses to testify on his behalf.

4. **Whether the demand or request is unduly burdensome or otherwise inappropriate under the applicable court or administrative rules (38 C.F.R. 14.804(d)):** The requested testimony is neither unduly burdensome or otherwise inappropriate under the applicable court or administrative rules.

5. **Whether the testimony or production of records, including release in camera, is appropriate or necessary under the rules of procedure**

governing the case or matter in which the demand or request arose, or
under the relevant substantive law concerning privilege (38 C.F.R.
14.804(e)):  Testimony of treating physicians is often-admitted evidence
relating to drug use, and any patient-doctor privilege would be
appropriately waived by Mr. Baez, the privilege holder, prior to testimony.

6.   **Whether the testimony or production of records would violate a
statute, executive order, regulation or directive (38 C.F.R. 14.804(f)):**
The requested testimony would not violate any law, order, regulation, or
other directive.

7.   **Whether the testimony or production of records, except when in
camera and necessary to assert a claim of privilege, would reveal
information properly classified pursuant to applicable statutes or
Executive Orders ((38 C.F.R. 14.804(g)):**  The requested testimony would
not reveal any classified information.

8.   **Whether the testimony would interfere with ongoing law enforcement
proceedings, compromise constitutional rights, compromise national
security interests, hamper VA or private health care research
activities, reveal sensitive patient or beneficiary information, interfere
with patient care, disclose trade secrets or similarly confidential
commercial or financial information or otherwise be inappropriate
under the circumstances (38 C.F.R. 14.804(h)):**  The requested testimony
would not interfere with ongoing law enforcement proceedings or reveal
confidential information.  To the contrary—the testimony would reveal
only information Mr. Baez has authorized disclosure of, and would protect
Mr. Baez's constitutional right not to take the stand in his own criminal
proceeding.

9.   **Whether such release or testimony reasonably could be expected to
result in the appearance of VA or the Federal government favoring one
litigant over another (38 C.F.R. 14.804(i)):**  The requested testimony is
not reasonably expected to result in the appearance that the VA—a federal
agency—favors Mr. Baez over the federal government.

10.  **Whether such release or testimony reasonably could be expected to
result in the appearance of VA or the Federal government endorsing or
supporting a position advocated by a party to the proceeding
(38 C.F.R. 14.804(j)):**  The requested testimony is not reasonably expected
to result in the appearance that the VA endorses federal drug crimes.  To
the contrary—the testimony will demonstrate the resources that the VA
provides to treat veterans with substance abuse issues.

11.   **The need to prevent the public's possible misconstruction of variances between personal opinions of VA personnel and VA or Federal policy (38 C.F.R. 14.804(k)):**  The requested testimony will not result in the misconstruction of the basis of each witness's testimony.  Rather, it will be clear that each witness testifies on her own behalf as Mr. Baez's treating physician.

12.   **The need to minimize VA's possible involvement in issues unrelated to its mission (38 C.F.R. 14.804(l)):**  As described above, advocating for veterans is part of the VA's core values.  As such, treating physicians testifying in a drug trial regarding a patient's drug use is related to the VA's mission.

13.   **Whether the demand or request is within the authority of the party making it (38 C.F.R. 14.804(m)):**  As a criminal defendant, veteran, and patient of both Dr. Andrews-Wiebusch and Ms. Welu, Mr. Baez has authority to make this request for testimony.

14.   **Whether the demand or request is sufficiently specific to be answered (38 C.F.R. 14.804(n)):**  As outlined *supra*, the requested testimony is specific and limited in scope.

*See also* Ex. A.

Despite the VA's indication that it would deny, at a minimum, Dr. Andrews-Wiebusch's testimony, the *Touhy* factors all favor permitting this request, as detailed above.  If the VA denies Mr. Baez of the opportunity to call Dr. Andrews-Wiebusch and Ms. Welu. such a denial would directly and prejudicially affect his ability to have a fair trial and would violate his Sixth Amendment right to call witnesses in his favor.  The VA has indicated that Dr. Andrews-Wiebusch "has nothing to offer in terms of a fact witness, other than that which already exists in the medical record."  Ex. C.  Those medical records—and the underlying diagnosis—are precisely what Mr. Baez would like Dr. Andrews-Wiebusch to testify to, however.  Without Dr. Andrews-Wiebusch's personal testimony regarding Mr. Baez's medical history, Mr. Baez will be forced to take

the stand in his own defense, which he has a constitutional right to avoid doing. Moreover, counsel for Mr. Baez has spoken with Dr. Andrews-Wiebusch and confirmed that she is not only familiar with Mr. Baez's medical records, but also performed PTSD diagnostic testing on Mr. Baez. *See* Ex. C. The details of Mr. Baez's diagnosis are thus within Dr. Andrews-Wiebusch's personal knowledge as his treating physician, and suggesting that Mr. Baez retain an expert witness is both untimely and a request for duplicating resources at the expense of the taxpayers. Ms. Welu's testimony is similarly crucial to Mr. Baez's defense, in that she can provide testimony from her personal knowledge regarding Mr. Baez's substance abuse disorder as his treatment provider.

Because *Touhy* does not apply to cases in which the United States is a party, and because denial of the requested testimony would be arbitrary and capricious and violate Mr. Baez's constitutional rights under the Fifth and Sixth Amendments of the U.S. Constitution, Mr. Baez respectfully requests that the Court compel both Dr. Andrews-Wiebusch and Ms. Welu to testify at trial in this matter.

## **CONCLUSION**

For the foregoing reasons, and based on the entire record in this matter, Mr. Baez respectfully requests that the Court grant this motion to compel.

Dated:  January 3, 2019                   DORSEY & WHITNEY LLP

                                          By s/ RJ Zayed
                                               RJ Zayed (#0309849)
                                               zayed.rj@dorsey.com
                                          50 South Sixth Street, Suite 1500
                                          Minneapolis, MN 55402-1498
                                          Telephone:  (612) 340-2600
                                          Facsimile:  (612) 340-2868

                                          *Attorney for Defendant*