UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | Criminal No. 17-135(2) ADM/DTS |
| Kelvin Baez, a/k/a "Taliban," | |
| Defendant. | |

___

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

RJ Zayed, Esq., Dorsey & Whitney LLP, Minneapolis, MN, on behalf of Defendant Kelvin Baez.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kelvin Baez's ("Baez") Motion for New Trial [Docket No. 517] under Rule 33 of the Federal Rules of Criminal Procedure. Baez argues a new trial is warranted because the Court erred in not giving his proposed jury instruction on good faith or innocent intent, and because the prosecution made inflammatory remarks during closing argument that prejudiced the jury. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On January 16, 2019, after an eight day trial, a jury found Baez guilty of conspiracy to distribute and possess with intent to distribute methamphetamine, conspiracy to possess firearms in furtherance of a drug trafficking crime, and aiding and abetting possession with intent to distribute methamphetamine. Verdict [Docket No. 513]. During the trial, Baez's theory of defense was that he did not act with the intent to distribute methamphetamine or to join the

conspiracies charged because he believed in good faith that he was assisting a government informant in a drug trafficking investigation. Baez requested the following proposed jury instruction on his theory of defense:

> Mr. Baez asserts that he had a good faith belief and acted with innocent intent at all relevant times charged in the indictment because he honestly believed that he was assisting law enforcement in its investigation of drug trafficking and drug traffickers and therefore he did not act with any intent to distribute methamphetamine or with any intent to join the conspiracies charged knowing their purposes.
>
> A person acts in "good faith" or with "innocent intent" when he or she has an honestly held belief, opinion, or understanding that negates the intent element the government must prove beyond a reasonable doubt, even if the belief, opinion, or understanding turns out to be inaccurate, incorrect or unreasonable.
>
> If you have a reasonable doubt as to whether Mr. Baez acted in "good faith" or with "innocent intent" then such a reasonable doubt would be a complete defense because good faith or "innocent intent" would be inconsistent with acting with the intent to distribute methamphetamine or with voluntarily and intentionally joining a conspiracy knowing its purpose.
>
> Mr. Baez does not have the burden of proving "good faith" or "innocent intent." Good faith or innocent intent is a defense because it is inconsistent with the mental state element the government must prove beyond a reasonable doubt. In deciding whether the government proved beyond a reasonable doubt that Mr. Baez acted with the intent to distribute methamphetamine or with the intent to join the conspiracies charged knowing their purposes, or, whether there is a reasonable doubt as to whether Mr. Baez acted in good faith or with innocent intent, you should consider all of the evidence presented in the case that may bear on Mr. Baez's state of mind.

Proposed Supplemental Jury Instr. [Docket No. 480].

The proposed instruction is largely based on Model Instruction 5.07 from the Third Circuit,[1] which provides in part that "[a] person acts in 'good faith' when he or she has an honestly held belief, opinion, or understanding [that is inconsistent with the required mental state], even though the belief, opinion, or understanding turns out to be inaccurate or incorrect." Third Circuit Model Jury Instr. 5.07. The second paragraph of Baez's proposed instruction generally tracks this language but, in addition to stating that the honestly held belief may be "inaccurate or incorrect," Baez's proposed instruction injects the belief may be "unreasonable."

The Court declined to give the requested instruction. Instead, an instruction on Baez's theory of defense was given:

> Mr. Baez asserts that he did not act with intent to commit the crimes charged in the Indictment because he believed that he was assisting law enforcement in its investigation of drug trafficking and therefore he did not act with criminal intent to distribute methamphetamine or to join the conspiracies alleged in the Indictment.

Final Jury Instrs. [Docket No. 506] at Instr. No. 21.

During closing argument, Baez's counsel argued that the Government had not met its burden of proving that Baez acted with the intent to distribute methamphetamine or join the conspiracies charged, because Baez believed he was assisting law enforcement's investigation of a drug trafficking organization by infiltrating the organization. Hr'g Tr. Vol. VIII ("Tr.") [Docket No. 554] at 1176–77. Baez's counsel argued that although Baez did infiltrate the organization, he did not report the organization to the police because he was afraid that if he did

---

[1] The Eighth Circuit's model jury instructions include good faith instructions for fraud and tax crimes, but not for crimes involving the distribution of controlled substances. See Manual Model Criminal Jury Instructions for the Eighth Circuit, §§ 9.08A, 9.08B.

3

the drug traffickers would harm his children in Florida. Id. at 1178. In rebuttal, the prosecution argued:

> The defendant is not scared of anybody in this thing. He wants you to believe, oh, he's so worried about his kids. He's the one who left Florida to come up and get involved in this whole deal. You don't have to worry about your kids if you stay home, take care of them, work for them, provide for them. No, you come to Minnesota and you're going to dump poison on our kids? Forget it. That's not the truth. The guy to be scared of is (indicating) that guy, right there. That's the guy to be scared of. That's the guy who's rolling around with a semiautomatic weapon. That's the guy that's dumping poison in our country. That's the guy to be scared of.

Id. at 1201–02. Defense counsel did not object during the argument.

Baez moves for a new trial, arguing the Court erred by not giving his requested jury instruction and the prosecution's statements were unduly prejudicial and deprived him of his right to a fair trial.

### III. DISCUSSION

#### A. Legal Standard

Rule 33 of the Federal Rules of Criminal Procedure authorizes a court to "vacate any judgment and grant a new trial if the interest of justice so requires." This standard requires the district court to "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." United States v. Eagle, 137 F.3d 1011, 1014 (8th Cir. 1998) (quoting United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988)).

#### B. Jury Instructions

Baez argues the Court erred in not giving his requested jury instruction on good faith and innocent intent. A defendant in a criminal case "is entitled to a 'theory of defense' or a

4

'position' instruction if he makes a timely request for such an instruction, if the request is supported by evidence, and if it sets out a correct declaration of law." United States v. Brake, 596 F.2d 337, 339 (8th Cir. 1979). "However, a defendant is not entitled to a particularly worded instruction setting out his position where the instructions actually given by the trial judge adequately and correctly cover the substance of the requested instruction." Id. "Jury instructions are acceptable if, taken as a whole, they adequately apprise the jury of the essential elements of the offenses charged and the burden of proof required of the government." United States v. Brown, 478 F.3d 926, 928 (8th Cir. 2007).

Baez argues the jury instruction given on his theory of defense failed to adequately cover the substance of the law because the instruction did not recognize: (1) Baez's belief could be mistaken or unreasonable as long as it was honestly held in good faith; (2) a good faith belief negates the specific intent required by the charges; and (3) the Government retains the burden of proof on Baez's innocent intent defense. "The essence of a good-faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring [criminal] intent." Id. Similarly, "[t]he innocent intent defense . . . is based on the contention that the government failed to prove the intent element of the crimes." United States v. Xiong, 914 F.3d 1154, 1160 (8th Cir. 2019).

Here, the Court instructed the jury that Baez's theory of defense was that he did not act with intent to commit the crimes charged because he believed he was assisting law enforcement with its investigation of drug trafficking. Jury Instr. No. 21. This instruction accurately states the essence of Baez's good faith and innocent intent defenses. Additionally, the Court's instructions as a whole adequately apprised the jury of the elements of each crime charged and

accurately described the particular intent required for those crimes. See Jury Instr. Nos. 17, 18, 20, 27 (listing elements for crimes charged and for aiding and abetting liability); Jury Instr. No. 19 (describing intent element of conspiracy as "voluntarily and intentionally participating in the unlawful plan with the intent to further the crime"); Jury Instr. No. 25 (defining "intent to distribute"). The Court also repeatedly instructed the jury that the Government carries the burden of proving each element beyond a reasonable doubt. See Jury Instr. No. 2 ("[T]he burden of proving guilt beyond a reasonable doubt is always with the Government."); Jury Instr. No. 16 ("The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. . . . Unless the Government proves, beyond a reasonable doubt, that Kelvin Baez has committed each and every element of each offense charged in the Indictment, you must find Kelvin Baez not guilty of that offense.").

Because the jury instructions "as a whole described the specific intent necessary to commit the crime and cover the same ground the good faith instruction would cover," the Court did not err by refusing to provide Baez's requested jury instruction on good faith and innocent intent. United States v. King, 898 F.3d 797, 808 (8th Cir. 2018); see also Brown, 478 F.3d at 928 (holding the district court did not err in refusing to give defendant's proffered good faith instruction because "the district court's instructions adequately advised the jury of the elements of the offenses, the government's burden, and even the defendants' theory of defense, albeit without the actual words 'good faith'").

## C. Prosecution's Remarks

Baez also argues the prosecution's remarks during closing argument prejudicially affected Baez's right to a fair trial. Specifically, Baez objects to the prosecution saying Baez is "the guy to be scared of," that he is "dump[ing] poison on our kids," and that Baez lied and perjured himself on the stand.

The Eighth Circuit applies a two-part test for determining whether a prosecutor's remarks warrant a new trial: "first, the prosecutor's conduct or remarks must have been improper, and second, the remarks or conduct must have prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial." United States v. White, 241 F.3d 1015, 1023 (8th Cir. 2001). "A prosecutor's comments are improper if they are likely to inflame bias in the jury and to result in a verdict based on something other than the evidence." United States v. Crawford, 523 F.3d 858, 861 (8th Cir. 2008) (internal quotation omitted). Generally, "a prosecutor may not express a personal opinion about a defendant's veracity" and must instead "limit the closing argument to the evidence and the reasonable inferences that may be drawn from it." White, 241 F.3d at 1023 (internal quotations omitted). "Nonetheless, the prosecutor may use 'colorful pejoratives' and argue a personal interpretation of the evidence." Id. (quoting United States v. Shoff, 151 F.3d 889, 893 (8th Cir. 1998)).

Here, the prosecution focused on the evidence and the reasonable inferences that could be drawn from it to argue Baez's testimony was not credible. For example, the prosecution highlighted the evidence that Baez was actively involved with the drug trafficking organization until his arrest in May 2017, even though the government informant Baez claimed to be assisting had been in jail since February 2017. Tr. at 1172–73. Additionally, Baez never provided law

enforcement with any useful information, or disclosed to agents he was assisting their work, until significantly after he was arrested in May 2017. The prosecution also asked the jury to consider Baez's demeanor on the witness stand and his past conviction for identity theft. Thus, the prosecution's argument commented on the evidence and was not improper.

The prosecution's remarks that Baez is "the guy to be scared of" and is "dump[ing] poison on our kids" were not impermissible. The comments were in direct response to defense counsel's argument that Baez never reported the drug organization's activity to the police because he was afraid the drug traffickers would harm his children in Florida. Although the remarks were colorful, they were based on evidence that Baez possessed a gun and was integrally involved in importing large quantities of methamphetamine weekly into Minnesota.

Even if the prosecution's comments had been improper, they did not prejudice Baez's right to a fair trial. A court examines for prejudice by considering "(1) the cumulative effect of the misconduct, (2) the strength of the properly admitted evidence of the defendant's guilt, and (3) any curative actions taken by the trial court." Crawford, 523 F.3d at 861. Here, the strength of the evidence against Baez was overwhelming. After being arrested, Baez admitted to his involvement in the drug trafficking organization. This evidence was corroborated by other witnesses and by cell phone messages showing Baez's ongoing and central involvement in the drug organization. Given the volume and strength of the evidence, the prosecutor's comments did not improperly sway the jury or impede Baez's right to a fair trial.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kelvin Baez's Motion for New Trial [Docket No. 517] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 10, 2019.