UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.

Kelvin Baez,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 17-135(2) ADM/DTS

_____

Kelvin Baez, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Kelvin Baez's ("Baez") pro se Motion for Compassionate Release [Docket No. 607] under 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On January 16, 2019, after an eight day trial, a jury found Baez guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, conspiracy to possess firearms in furtherance of a drug trafficking crime, and aiding and abetting possession with intent to distribute methamphetamine.  Verdict [Docket No. 513].  In August 2019, Baez was sentenced to concurrent terms of 168 months on all three counts.  Sentencing J. [Docket No. 579].

Baez is currently serving his sentence at Coleman Federal Correctional Institute ("Coleman FCI") in Sumterville, Florida.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Aug. 3, 2021).  His projected release date is May 13, 2030.  Id.

Baez, age 37, now asks the Court to grant him a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He argues that his mental and physical health are declining and that he fears that he will die if he contracts COVID-19. He also states that he is isolated in his cell for 20 hours per day due to social distancing restrictions.

## III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Baez has not established that he exhausted his administrative rights with the BOP.

Even if Baez had satisfied the exhaustion requirement, he has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL
2

3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).  Here, Baez provides no details about his health beyond his vague assertion that his "mental and physical health are stead[ily] declining." Mot. at 1.  Thus, Baez has not shown a particularized susceptibility to COVID-19.  Baez also has not shown particularized risk of contracting COVID-19 at Coleman FCI.  There are currently only two inmates infected with COVID-19 and seven staff infections at the facility.  See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Aug. 3, 2021).  Moreover, as of the date of this Order, 551 staff members and 3,839 inmates at the Coleman FCI complex have been fully vaccinated against COVID-19.  Id.

The sentencing factors in § 3553(a) also weigh against reducing Baez's sentence.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

The nature and circumstances of the offenses warrant sentences of 168 months, even when considering the pandemic.  Baez participated in a drug trafficking conspiracy involving large quantities of methamphetamine and possessed a firearm in furtherance of the conspiracy. Releasing Baez after he has served only about one fourth of his sentence would detract from the seriousness of the offense, diminish respect for the law, and afford inadequate deterrence for the

3

crime committed.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Kelvin Baez's pro se Motion for Compassionate Release [Docket No. 607] **DENIED.**

                          BY THE COURT:

                          s/Ann D. Montgomery
                          ANN D. MONTGOMERY
                          U.S. DISTRICT COURT

Dated: August 3, 2021